IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 3:15-CR-112 |
| v. | ) | |
| | ) | |
| DERRICK LAMONT ABERNATHY | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.     At all relevant times, DERRICK LAMONT ABERNATHY resided at 3200 Detroit Avenue, Richmond, Virginia.

2.     On or about February 25, 2015, in the Eastern District of Virginia, ABERNATHY did knowingly, unlawfully, and intentionally, possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

3.     On February 25, 2015, officers of the Richmond Police Department conducted surveillance on the residence at 3200 Detroit Avenue, Richmond, Virginia, after receiving information that ABERNATHY was distributing heroin out of the residence.  Officers observed an individual known to be a heroin user approach the residence and observed ABERNATHY exit the rear of the residence. Officers then observed a hand-to-hand transaction between ABERNATHY and the individual.

4.      Later that day, on February 25, 2015, officers obtained and executed a search warrant for the residence at 3200 Detroit Avenue, Richmond, Virginia.  Upon execution of the search warrant, ABERNATHY was detained by officers and was advised of Miranda Rights. ABERNATHY indicated that he understood the Miranda Rights.  ABERNATHY then stated that he would direct the officers to what the officers were looking for so the officers would not "tear up" the residence.

5.      During execution of the warrant, officers recovered multiple plastic bags containing a tan powder from under a couch cushion in the living room of the residence and in the pocket of a shirt located in ABERNATHY's bedroom.  Lab analysis from the Virginia Department of Forensic Science established that the tan powder consisted of approximately 10 grams of heroin.  Officers recovered two plastic bags of a tan solid material that lab analysis established consisted of approximately 0.18 grams of cocaine.  Officers also recovered digital scales and a razorblade from ABERNATHY's bedroom.

6.      When questioned regarding heroin distribution, ABERNATHY admitted to distributing a quarter ounce (approximately seven grams) of heroin 5-6 times per week, and that he had been distributing that volume for approximately one month.  ABERNATHY stated that the officers had recovered all of the heroin that ABERNATHY currently had in the residence, which ABERNATHY estimated to be a little less than one-half ounce.

7.      When questioned by officers about whether weapons were present in the residence, ABERNATHY initially stated that he used to own a Mossberg shotgun, but no longer possessed it.  Upon searching a guest bedroom adjacent to ABERNATHY's bedroom, officers recovered a Maverick Arms (by Mossberg), Model 88, 12-gauge shotgun, serial number MV29879D, wrapped in a black t-shirt and hidden in the ceiling of the bedroom, with

2

ammunition.  When later questioned by officers regarding the shotgun, ABERNATHY admitted to possessing the shotgun that the officers had recovered.

8.      The parties stipulate and agree that ABERNATHY possessed a dangerous weapon and maintained a premises for the purpose of distributing a controlled substance for purposes of U.S.S.G. § 2D1.1(b)(1) and (12).  The parties stipulate and agree that ABERNATHY was personally involved in the distribution of at least 100 grams but less than 400 grams of heroin for purposes of U.S.S.G. § 2D1.1(c).

9.      The acts taken by the defendant, DERRICK LAMONT ABERNATHY, in furtherance of the offense charged in this case, including the acts described above, were done knowingly, intentionally, and willfully, and without legal justification or excuse, with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.


Dana J. Boente
United States Attorney

By:

Dominick S. Gerace
Assistant United States Attorney

I have consulted with my attorney regarding this Statement of Facts.  I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

_D. Abernathy_

DERRICK LAMONT ABERNATHY
Defendant

07/24/15

Date

I am counsel for defendant DERRICK LAMONT ABERNATHY.  I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

_Paul Shelton_

Paul E. Shelton, Jr., Esq.
Counsel for Defendant

7/24/15

Date

4